IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01030-RPM

STEPHANIE ZUEHLKE,

    Plaintiff,

v.

UNIVERSAL UTILITY SERVICES, L.L.C. and
XCEL ENERGY CORPORATION,

    Defendants.

## PROTECTIVE ORDER

It is hereby stipulated and agreed by and between the Parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, as defined by Fed. R. Civ. P. 34(a), answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the Parties.

It is hereby ORDERED as follows:

1.    As used herein, the term "Confidential Information" refers to (a) personnel information concerning current or former employees of Utility Engineering Corporation ("UE") or any of the subsidiaries or affiliates of Xcel Energy Inc.; (b) information containing industry trade secrets; (c) proprietary or non-public business information of the Defendants and UE; and (d) information relating to Plaintiff concerning private personal matters not generally known to the public, such as, but not limited to, tax returns, medical information and information from

subsequent employers.  Confidential Information includes, but is not limited to, whether as current or former employees, non-party employee names, addresses and social security numbers; non-party employee employment and compensation histories; non-party employee personnel files; non-party employee performance evaluations; non-party employee disciplinary records; non-party employee medical and benefit histories; non-party employee termination files; information relating to Defendants' investment, business and operational strategies, plans and corporate structure, economic and market analyses, marketing strategies, client/project lists, financial projections and cost information (including, e.g., compensation, compensation plans and benefit plans, financial and business forecasts and financial reports), staffing composition and plans; information treated or considered by either Defendant, by policy or practice, to be confidential or proprietary; Defendants' trade secret information; and information that implicates common law statutory privacy interests of either Defendant, their respective subsidiaries or affiliates.

  2. Parties shall designate information as "Confidential Information" subject to this Stipulated Protective Order as follows:

  a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to its production: "CONFIDENTIAL."  In the event that a Party inadvertently fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, the producing Party shall inform the recipient Party after the discovery of such failure and identify the Confidential document or Confidential

Information by Bates Number or Numbers. The recipient Party shall thereafter mark the document or information in the matter requested by the producing Party and thereafter treat the document in accordance with such marking. All copies or similar versions of documents marked or otherwise designated Confidential by any Party, regardless of which Party produced them, must be treated as Confidential under the terms of this Order. Likewise, all documents previously produced by Plaintiff that fall into the categories of Confidential Information, as defined in paragraph 1, must be treated as confidential under the terms of this Order

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition. In addition, counsel may designate a portion of the transcript (including exhibits) "Confidential" within fourteen (14) days after the court reporter sends counsel the transcript. Counsel shall list on a separate piece of paper the numbers of pages of the transcript containing Confidential Information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and also to each copy thereof.

c. In the event that any Confidential Information is used in any pleading or in a court proceeding in connection with this litigation, it shall not lose its confidential status through such use. A furnishing party may designate information disclosed in a pleading or at a hearing or trial as Confidential Information by filing such information with the Court in accordance with D.C.COLO.LCivR 7.2 and 7.3 ("Local Rules"), the Electronic Case Filing ("ECF") Procedures,

and the ECF User Manual for the United States District Court for the District of Colorado so that such documents are sealed from public view.

      3.     Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

           a.     attorneys who have entered their appearance in this case, attorneys who are working on this case at the direction of the attorneys of record, or in-house counsel and their professional staff;

           b.     persons regularly employed or associated with the above-described attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or other proceedings in this case;

           c.     the parties, including designated representatives for the entity defendants;

           d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this action;

           e.     the Court and its employees ("court personnel");

           f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

           g.     deponents and previously disclosed witnesses; and

           h.     other persons by written agreement of the parties.

4.     Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, the Plaintiff, Court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.

Confidential Information of a party shall not be used by the other party or persons receiving such material except for the purposes of conducting this litigation and not for any other purposes whatsoever.  The Parties and persons receiving Confidential Information are enjoined from using or disclosing such material except in conformance with this Order.

5.     The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

6.     The termination of this civil action shall not relieve counsel, the Parties or any other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.  Within thirty (30) days of termination of this litigation, including any appeals, unless other arrangements are agreed upon in writing, documents and all copies thereof which have been designated as Confidential shall be returned to the designating Party.

7.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

8.      This Order is without prejudice to the right of either Party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraph 1 through 7, inclusive, hereof.

Dated this 8th day of February, 2006.

BY THE COURT:

s/Richard P. Matsch

_____
Senior United StatesDistrict Judge